# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-467V
November 12, 2014
Not to be Published

*****************************************

| | | |
|---|---|---|
| JEANNA TERRELL, | * | |
| | * | |
|     Petitioner, | * | Tetanus vaccine; alleged reaction not |
| | * | consistent with pemphigus vulgaris; |
|     v. | * | petitioner's motion for decision dismissing |
| | * | her petition |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
|     Respondent. | * | |

*****************************************

Edward M. Kraus, Chicago, IL, for petitioner.
Heather L. Pearlman, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

    On June 3, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on May 22, 2012, caused her to suffer from erythema multiforme and pemphigus vulgaris.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

     Although earlier filed medical records stated petitioner had pemphigus vulgaris that her vaccination may have triggered, a later filed biopsy showed that petitioner did not have a skin condition consistent with pemphigus, pemphigoid, or any related conditions.

     On November 4, 2014, the undersigned held a telephonic status conference with counsel. During the conference, petitioner's attorney said he would file a motion to dismiss because petitioner's treating dermatologist Dr. McClain said petitioner never had pemphigus vulgaris. Petitioner's counsel said there was no longer a reasonable basis to proceed.

     On November 7, 2014, petitioner filed Petitioner's Motion for a Decision Dismissing her Petition. She states "that at this time she will be unable to prove that she is entitled to compensation in the Vaccine Program." Mot. at ¶ 1. She also states that "[i]n these circumstances, to proceed further would be unreasonable." Id. at ¶ 2.

     The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for failure to prove the allegations in her petition by a preponderance of the evidence. 42 U.S.C. § 300aa-13(a)(1)(A).

**FACTS**

     Petitioner was born on June 13, 1968.

     Petitioner has a history of rashes dating even before her Tdap vaccination at issue. On January 22, 2009, she complained of a rash on her upper thigh that had been there for six weeks. Med. recs. Ex. 5, at 2. This rash spread to her abdomen. Id. She had several lesions on her abdomen and left leg. Id.

     On May 22, 2012, petitioner received Tdap vaccine. Med. recs. Ex. 6, at 1.

     On July 25, 2012, petitioner went to a doctor, complaining of a blistery rash all over her body in June for three weeks. Med. recs. Ex. 5, at 7. She also had abdominal pain and nausea. Id. She was treated with a steroid dose pack. Id. A note dated July 23, 2012 states petitioner had an allergic reaction to Cipro after a prior allergic reaction to Benadryl. Med. recs. Ex. 14, at 3.

     On August 29, 2012, petitioner saw Dr. Sean J. Murphy, who diagnosed her with actinic keratosis. Med. recs. Ex. 4, at 4.

     On October 18, 2012, petitioner saw Dr. Alex G. Yip, an allergist, complaining of recurrent and persistent rashes over the prior few months and mild, seasonal rhinitis. Med. recs. Ex. 1, at 4. She had stomach issues in May with intermittent burning pain sensations, which were worse with eating. Id. She had long-term gastroesophageal reflux disease therapy, but the gastrointestinal issue resolved itself. Id. At about that time, she noted the onset of small red

spots on her palms with intense itching.  Id.  This would wax and wane without clear triggers.  Id.  In June, she developed a diffuse fine, papular/blister-like rash over her back that she attributed to sun poisoning, but the rash spread to non-exposed areas.  Id.

On July 23, 2013, petitioner saw Dr. Susannah McClain, who diagnosed her with unspecified dermatosis.  Med. recs. Ex. 3, at 3.

Also on July 23, 2013, a biopsy was done.  Med. recs. Ex. 13, at 2.  Dr. Raminder K. Grover analyzed the biopsy, finding that petitioner's skin condition was not consistent with pemphigus, pemphigoid, or any related conditions.  Id.  These biopsy findings ruled out pemphigus, bullous pemphigoid (BP), other pemphigoid forms, linear IgA bullous dermatosis (LABD), and epidermolysis bullosa acquisita (EBA) in about 90% of cases.  Id.

On July 30, 2013, for an unknown reason, Dr. McClain told petitioner and wrote in her medical notes that petitioner's biopsy result was consistent with pemphigus vulgaris.  Med. recs. Ex. 3, at 10.  Dr. McClain wrote that pertussis vaccine may have triggered this condition, as reports exist of influenza and tetanus/diphtheria vaccines triggering pemphigus.  Id.

During a telephonic status conference held on July 10, 2014, respondent requested that petitioner file the July 23, 2013 biopsy report.  In an Order dated July 10, 2014, the undersigned ordered petitioner to file the biopsy report and other material.

Petitioner filed the biopsy report on August 25, 2014.  Med. recs. Ex. 13.

On September 8, 2014, the undersigned held a telephonic status conference with counsel during which petitioner's counsel stated he was surprised at the results of the report.  He wanted to obtain clarification from Dr. McClain, petitioner's treating dermatologist.  In an Order dated September 8, 2014, the undersigned ordered petitioner to file a status report by October 8, 2014 indicating how she intended to proceed after consultation with her dermatologist.

On October 8, 2014, petitioner filed a status report stating that she had an appointment with Dr. McClain on October 28, 2014.

On November 4, 2014, the undersigned held a telephonic status conference with counsel during which petitioner's counsel said that Dr. McClain told his client she did not have pemphigus vulgaris.  Counsel said he would file a motion to dismiss because there was no reasonable basis to proceed.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a

3

showing of a proximate temporal relationship between vaccination and injury." <u>Althen v. Sec'y of HHS</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In <u>Althen</u>, the Federal Circuit quoted its opinion in <u>Grant v. Secretary of Health and Human Services</u>, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" <u>i.e.</u>, "evidence in the form of scientific studies or expert medical testimony[.]"

<u>Althen</u>, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." <u>Grant</u>, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  <u>Id.</u> at 1148.

Petitioner must show not only that but for Tdap vaccination, she would not have whatever reaction she thinks she had, but also that the vaccine was a substantial factor in causing her condition and, but for the vaccination, she would not have had whatever reaction she thinks she had.  <u>Shyface v. Sec'y of HHS</u>, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Although petitioner alleges that Tdap vaccination caused her pemphigus vulgaris, the medical records do not prove she has pemphigus vulgaris.  Petitioner did not file a medical expert report in support of her allegation.  The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2006).

Thus, petitioner has not made a prima facie case of causation.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for petitioner's failure to prove the allegations in her petition by a preponderance of the evidence.  42 U.S.C. § 300aa-13(a)(1)(A).

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

November 12, 2014                                                                /s/ Laura D. Millman
DATE                                                                                        Laura D. Millman
                                                                                                   Special Master